May it please the court. My name is Chris Curtis and I'm arguing on behalf of Edgar Diaz this morning. The question presented to the court today is whether the sentencing court misapplied section 5k1.1 of the guidelines by wholly failing to consider the five mandatory factors that must be considered in determining the propriety and extent of a downward departure versus case of substantial assistance. In this particular case there's no question about it. The government filed a motion for a downward departure based on substantial assistance and at that point the court is required to consider the five factors listed in section 5k1.1 of the sentencing guidelines. Under this court's case law in United States v. Dressel those it is mandatory that the district court consider those. In fact the quote is although judges have latitude under 5k1.1 they must conduct a judicial inquiry into each individual case before independently determining the propriety and the extent of any departure in the imposition of the sentence. So the guidelines themselves require the court to consider those five factors. That was a case where the government was appealing a departure that it thought went too far. Can you cite any case that says those factors apply to the initial decision whether to depart or not? Dressel itself I can't cite a case where it was a defendant appealing the denial of a downward departure but Dressel itself says that it has to go to the propriety of the departure. Yeah where the actual holding of the case was that those factors had to be considered and therefore a refusal to depart at all was error. Any case that says that? Any case that says that not that I'm aware of your honor. Or that held that I should say. I don't think that we have that right on point your honor. The record in this particular case reflects that that absolutely was not done by the district court. If you read the entire transcript the court just simply did not consider the five factors. In fact I don't think it even reflects that she considered this the motion for downward departure but certainly not that she considered the five factors. This in itself is a misapplication of the guidelines and that's a proper point on appeal under 18 U.S.C. 3742. Well here Judge Boyle she said a couple things. First she says I don't see much assistance here you know and really it's about the sparsest 5k motion I've ever seen. It just generally says he cooperated. It doesn't say in a drug case in a in a fraud case. I mean it says nothing about what the cooperation was but so she said make some comments about well that the assistance doesn't seem that strong to me and then she also says this is a serious crime. So you're saying that that second part she couldn't factor it all into her 5k decision the seriousness of the crime. Absolutely not. I don't say that at all. I've reviewed the government's briefs that you can consider those factors outside of the five considerations but you have to consider the five factors first. So I just want to make sure I understand so your complaint is not that she considered factors that she should not have considered. Your complaint is she failed to consider factors which she should have considered. That's it. That's that's the problem. That's a misapplication of the guidelines. This court has jurisdiction no question about it coming and going. But this was not objected to the failure to consider the factors was it and so is it plain error review? I don't believe it's plain error review. I think she objected four times and I've got them noted in my notes and I will start with your question your honor and specifically answering it. I don't think she ever makes that specific uses that language that I just used in my argument but she objects to the court not considering and listening to the to the arguments of counsel and here's how it goes down. I also would point out in answering this and pointing these these places out in the record um Judge Costa said that she said that she didn't think there was enough cooperation. I'm not sure she says that which of course is one of the five factors and I've reviewed this record several times. She says it first comes up she goes through all the 3553 factors that she's considering the fact that there's a mandatory sentence I mean mandatory minimum sentence prescribed by the statute and then basically comes down to and says I'm I'm going to deny the government request for Mr. Diaz's attorney said wouldn't the court like more information about that. Her response is I don't think substantial assistance is appropriate. That's the closest thing I can find to what Judge Costa mentioned. I'm referring to when she says I'm going to deny the government's request for substantial assistance. I don't think I see it in this case. I know you were cooperative from the beginning and perhaps and then she gets interrupted and then she says I don't think substantial assistance is appropriate. I mean when she says I don't think I see it in this case substantial assistance doesn't she mean I don't see that there was really assistance here. I think I I think we're going to have to guess at what that means because she just says I don't think I see it in this case and then she turns around. What else would it mean? It it it could mean what she just finished saying for five six seven pages where she's saying that well this is a serious crime and there's a mandatory minimum and then she just says I'm going to deny the government's request for substantial assistance says the comment that you said the defense attorney asked for to provide more information about that and she says I don't think substantial assistance appropriate. I haven't heard from either side mentioning it. I will be glad to take information about it but right now I will deny the motion. Later on the court goes for the next four pages and imposes the 60-month sentence, supervise release, restitution, even advise the defendant of his right to appeal and then she brings it up again. You talked a minute ago about hearing about substantial assistance. My position on that right now is that we've had a full hearing. I've heard from the government, heard from you, heard from the client and his wife. Have the substantial assistant looked at it and I'm aware of it the nature at least of the government request. I think at one point it was requested or something so there's even some it seems to me at this point I have heard all I need to hear. I'm not going to change my mind. So where is the objection though to not considering the factors? Page 138. Yes, your honor. I would like to object to the court's unwillingness to hear from counsel. That doesn't say you didn't consider the factors. It doesn't say you didn't consider the factors. It's saying that you want to hear an argument. They want to continue to argue. That doesn't tell the court that you didn't do the proper procedural mechanism at the sentencing. Well, at that point she hasn't, there hasn't been any on the record, any consideration of any factors other than 3583. So I think that the defense attorney is saying and she says it four times, I object to us not being heard. Not being heard is different than saying you didn't do your job to consider the factors. So I'm wondering if it is plain error review, how can you win? Because there's no question that the error was clear. The five factors are listed in section 5k1 of what the court's supposed to do. This is an important subject under the guidelines and under Congress's statutes. I mean that the court emphasizes that there's a 60 month or a five year minimum, statutory minimum, several times. But I would emphasize that the mere filing of a motion under 3553E gives the court, the mere filing of the motion by the government for substantial assistance, gives the court authority to go below that 60 month sentence. Right, but he was sentenced to the statutory minimum, right? She was. I'm sorry, he was. You're saying she, the judge sentenced him to? My bad. He was. To the statutory minimum and so how can you show, I mean even if you can show that there was error, I don't know that you have a case that shows that it's clear error, but even the, how did it affect the substantial rights and how, why should we correct this error? The guideline sentence was below, the advisory guideline imprisonment range was below the 60 months. He had both sides believe that there was aberrant conduct which justify an even farther downward variance below the statutory minimum and the guideline advisory range. There was substantial assistance, I mean a downward departure ground based on substantial assistance which the court denied, which I believe the record shows she did not consider the proper factors and I think that's clear error because it's right there in the guidelines when you grant a 5K so. It prongs three and four though. And the substantial, I mean the substantial right of the accused is, is the fact that her guideline, his guidelines were actually below that 60 month minimum to start with. That, I mean, that's got to affect his substantial rights. Well she said that she thought this was the appropriate sentence and that given this, all of this, we have lots of cases where we don't find prong three satisfied with statements like this by the court. But I think when you're talking substantial assistance, it's critical that she give adequate consideration to that because it actually triggers the court's authority to go below the mandatory minimum. If you look at 3583, it's so important to Congress that they say upon the motion alone that that authority is triggered to go below that 60. She makes three or four statements in that to give a 60 month sentence and I got to consider that. Well now that's a different argument, isn't it? Now your argument is that the court didn't believe it had the authority to give a downward departure. Isn't that different from the argument you were making earlier? Your Honor, I'm, that is different and I'm not sure it's clear from the record whether she knew she had the authority or whether, because she, all she did was deny the substantial assistance. And there's no, nothing in the record to show that she considered the proper factors and considered the fact that that gave her the authority once that motion was filed to go below the mandatory minimum. And she, the record does show that she goes back three times at least to the fact that the mandatory minimum prescribed by Congress is 60 months. So I think that shows the substantial rights of the defendant was affected negatively by this error and I think it shows a manifest injustice that should be corrected as far as the plain error analysis goes. I do think, again, I don't believe that this is plain error. I think we've got four objections. She didn't say you didn't consider the factors. She didn't say that. But she, four times she said, and she asked the judge, what's your concern? What do I, what do we need to address here? And that's important because this is a 5K1 motion for substantial assistance. And what we have to remember is not only is this area very important to Congress, it's specifically provided for under 3553E for authority to go below 60 months. In title 289, section 994, Congress specifically directs the commission that they have to address adequate consideration for substantial assistance. We know it's important. Isn't the problem with the lack of an objection as to consideration of the fact, I mean, your argument is she did not, she had a focus. I thought it was she had a focus entirely. It was in part, but she had a focus on the actual assistance in the value of the 5K motion. And I read that passage that, you know, you seem to say, well, we can't figure out what it means when she says, I don't think I see it in this case. I know you were cooperative from the beginning. If someone, if the defense lawyer had objected and said, your Honor, you need to really evaluate this in terms of assistance, she could have said, either, yeah, you're right, let me do that now. Or, oh, that's what I already did. That's what I meant when I said that three minutes ago. I mean, that's why we're in this state of maybe not knowing exactly what she said, because the objection wasn't raised. But it sounds to me, if you think that statement did refer to assistance, if we conclude that, then you think she was handling this properly, if she did evaluate it based on the extent of the assistance? Not at all, because there's still five factors. And I didn't say... You have to go through each one. And I've never seen a judge go through each of those five factors in evaluating a 5K. It's generally about the importance of the assistance. I mean, that's what those five factors are getting at, right? How much did this help? What kind of risk did you put yourself in? How truthful were you? It's about the quality and the amount and the timeliness of the assistance and the danger that the defendant is put into by providing that assistance. Those are the five factors, of course. I don't think that one statement gets there at all. I think just, I don't see it here. But you didn't have to go through each five? I mean, the general... Not necessarily. There's like eight of them. You don't have to go through every one in every single case. I don't think you necessarily have to go through each five, but there should be something in the record that indicates they were considered. And I don't think that that statement at all, especially in light of the fact that the defense attorney keeps coming back and saying, you know, we need to consider this. And she says... What if she had said clearly, this is the weakest 5K motion I've ever seen. It doesn't even say what type of cooperation he gave, denied. What if she had said that? Well, that might have given the opportunity for the defense attorney to stand up and say, well, the government needs to elaborate then on their motion and tell the court what this assistance was specifically and address those five factors. And I would say that's part of the problem, too, is the defense... You know, the government, they filed a 5K1, but the government attorney did point out that it had not been discussed yet. It had not been addressed. Once the motion gets filed, it's common then for the defense lawyer to explain the cooperation. That's not... It's the sole province of the government whether to file it, but it's often... I've seen numerous sentencing hearings where once it's filed, the defense lawyer elaborates fully on what the cooperation... But we also follow the... We follow the procedure that the court wants to follow, because 5K1 is such a sensitive matter. And, you know, what comes out in court, who's sitting in the jury box, what other defendants, we always follow the lead of the district court. And, in fact, where I practice, the district court requires the government to put a witness on the stand in support of their motion. And that's the government's obligation, not mine or whoever the defense attorney is. I see my time's up, so... I do. Judge Grace has a question. Yes, Your Honor. So, counsel, when faced with this 5K motion... Yes, sir. ...the judge has to make... Well, doesn't have to make. There's a threshold decision of whether or not to depart at all, whether or not to grant a departure. Yes, sir. And then the second decision is the extent of the departure. Is that right? Yes, Your Honor. And so, obviously, if the first decision is there will be no downward departure, it's over. But they still have to consider those five factors in determining whether there will be a downward departure. All right. So there were two analyses that have to take place. Is that your understanding of the case law? The first one is whether or not to depart. And I got to look at all five factors as the district judge, when I say I, the district judge has to look at all five factors. And then if the decision is yes, I will depart, you do another analysis on the same five factors? No, Your Honor. It's the same analysis but two decisions. Do I depart and how far do I go? But the analysis is the same. You look at the five factors. You don't have to go, well, I've looked at the five factors and here's my decision on... But you could look at the five and say, based on my examination of these five, no departure. Yes. And I think that's the appropriate way that you're supposed to do it. But then if you say I will depart, you're still considering the extent of the departure. You still think of those factors as to how far you're going to go. All right. Counsel, I'm still puzzled by your answer that you find plain error here. If we are in, I understand you say we're not in plain error world. I understand. I don't understand how you can satisfy it because your brief doesn't talk about how prong four is satisfied at all. Maybe I missed that, but I don't see it in your brief. And we have several cases now in the past year that says if you don't talk about the prongs, it's almost impossible to satisfy plain error. So on your rebuttal, if you still say that you could win under plain error, I would ask you to address that. I'll address it. Or if you concede that you can't win under plain error, I'd like you to do that on your rebuttal. Okay? Yes, Your Honor. Thank you. You may. Thank you, Your Honor. May it please the Court. Brian Stoltz on behalf of the United States. I think the issues have been narrowed a bit during the argument such that there's no longer any dispute that a district court may properly consider factors such as the seriousness of the crime, the impact on the victims when deciding to make the threshold decision of whether or not to depart based on a substantial assistance motion. So my understanding is that is not an issue anymore. I'm happy to answer questions or talk about that if the court would like. I think it's quite clear in the case law that the district courts can consider these other non-assistance-related factors in determining whether or not to depart. But since it appears the only issue now, though, is whether these five factors have to be sort of considered in a very procedurally precise way when making the threshold decision of whether or not to depart. I think the answer to that is clearly no, they do not. And there's a couple reasons for that. One is this Court has made clear in cases such as the Hernandez case, which can implicitly deny a motion for a departure, it can do it in a summary fashion, just saying it's denied. There is no case law that says that you have to go through this sort of mechanical analysis before denying a motion. That's straight out of the Hernandez case talking about implicit denial, that's okay. Second, the actual text of the guideline, 5K1.1, does not support the notion that the decision whether to depart is somehow dependent on these five factors. The first sentence of the guideline says, you know, basically, upon the motion of the government, the district court may depart. Stop. There's a period. Then it says, the second sentence says, the appropriate reduction, again, this is assuming that there's been a decision to depart, the appropriate reduction shall be determined by the court for reasons stated that may include but are not limited to, and then it lists the five factors. So to the extent there is a requirement under the guidelines that the district court go through these five factors specifically, that requirement is to give reasons for the amount of the departure. It is not a requirement to give a reason whether or not to depart at all. So I think there's just no support in the law for this notion that it would somehow be error, much less clear error or plain error, to not go through these five factors. Counsel, you started your brief off with a jurisdictional argument, but you did not start your argument today off with a jurisdictional argument. Do you concede at this point that we have jurisdiction over this appeal? No, no, I don't. I mean, I think that, I apologize. The jurisdictional argument, I think, is still there. I mean, that. How do you reconcile your jurisdictional argument with Malone and DeSalle? Malone seems to apply DeSalle even in a context like this one. Okay, so DeSalle is a case where, as Judge Costa pointed out, there was a departure. There was no challenge to the decision whether or not to depart. The departure was more than the government thought was appropriate, and that necessitated or that made the appeal. Malone, as I understand, that's a recent case where, similar situation, there was a departure. There was no dispute about the fact that there was a departure and the departure was proper. But the defendants were then arguing that, well, this departure should have been greater, and you, essentially, the district court, should not have considered these other factors in deciding the extent of the departure. So I think neither of those cases speak to our case here, which is, is there jurisdiction to decide an issue, a claim of error relating to a denial of a departure, not a grant of a departure? And then there's some further proceedings. For example, in DeSalle, I mean, that case, quite clearly, there's jurisdiction for that case because the government is specifically permitted to appeal a decision that departs from the guidelines. What modern case from the circuit supports your jurisdiction argument, post-Booker? I think there's several. The Hernandez case, for example, that I discussed and that's cited in our brief talks about this, and it's a another case that's a post-Booker case that, you know, that also says the same thing about there is no jurisdiction for this type of appeal. Both of those cases continue to cite pre-Booker cases. But pre-Booker cases are inapplicable, aren't they? Booker changed the world in this area. I don't, I don't think that's true. I think that, I think that Booker did create this, you know, sort of additional sphere of reasonableness review that didn't, wasn't previously proper. But I don't think that Booker changed the rule that the district courts or this court does not have jurisdiction and defendants do not have a ground to challenge a discretionary denial of a downward departure by a district court. And that Booker says you have to still go through all the guidelines analysis. You still have to calculate. You still, and there's still this world of departures. And it creates a separate world where you can vary. That's where there's this distinction between departures and variances. And you can just then at the end of the day use those variances and the 3553 factors to come up with a reasonable sentence. But you still do have to go through the whole guideline structure in the first analysis, right? I agree with that. I mean, the guidelines still is the structure that exists. Now . . . Counsel, are you familiar with U.S. v. Marino, an October 2015 case from this court? I'm not sure that I am. Marino? Is it cited in one of the briefs? Well, I'm looking at the case itself where it says we lack discretion to review the denial of a motion for downward departure unless the denial was due to the district court's mistaken belief that it could not grant the motion. Isn't that your argument? And that rule has existed for a long time. It continues to exist and it's routinely applied. So I would agree that that rule exists whether or not you're pre-Booker or post-Booker. And I think there's unpublished decisions that quite frequently dispose of these things. But unpublished decisions not analyzing the change in the world post-Booker on this. I have a question about the plain language of 3742A2, which justifies exercising jurisdiction where it's incorrect to an incorrect application of the sentencing guideline. That language. His claim is that there's an incorrect application of the guideline because they didn't consider the factors. On the plain text, the procedural challenge is independent of the generalized challenge to the decision not to depart downward. So the procedural challenge we do have jurisdiction over under the plain text of 3742A2. Why is that not accurate? I think that to some extent in this area, the jurisdictional issue bleeds into the merits. For example, it is well established that there is jurisdiction to review, to determine essentially whether or not the district court recognized that it had the discretion, which would also be an incorrect application of the guidelines. If the district court said, I've looked at the record and I don't see any reason for me to depart, I wish I could. That's one of the points he's making today. So I agree. There is jurisdiction to decide that. There is jurisdiction to decide that. But at the same time, this court often looks at this type of appeal and says, okay, I understand that you, the defendant, are arguing that the district court incorrectly applied the guidelines or violated the law by failing to exercise its discretion in the right way. But the court then will look at the actual record and say, but you know what, we're looking at this and we don't see it, therefore the appeal is dismissed. So in some sense, the court is looking at the merits. For example, the United States v. Buck case, which is cited in our brief, in that case, the court said, okay, or the defendant said, you know, in this case, the district court committed error by not understanding that it could depart and doing this sort of thing. They said, well, we're looking at it, that's not right, therefore the appeal is dismissed. So in some sense, the court looked at it, but the proper disposition, though, is still a dismissal. So we bled, but it's bleeding the merits into the procedural inquiry. If we're looking only at the procedural thing, did the court use the right factors, we have jurisdiction on that, don't we? I don't. If not, whether or not he was entitled to the departure, that's a merits thing. But whether or not we have, whether the court looked at the correct guideline factors, that's a procedural challenge over which we would have jurisdiction. I don't, I don't know that I agree with that, and the reason I say. Okay, tell me what case says that. The United States v. DeMarco case, which is cited in our brief, the defendant made a very similar appeal that said, you know, he was looking at my downward departure and the district judge was looking at it, and he considered my criminal history. He shouldn't have looked at that. The court then went through and said, okay, we're going to look at each of the categories under 3742, and it didn't fit into either of the categories, and it said, well, this type of alleged error that you're claiming, we've looked at it, it doesn't fit, therefore the correct disposition would be a dismissal. And the DeMarco court even recognized that, I think it said, our course has been uneven. So sometimes they would affirm. But they said in that case, no, the correct thing to do is to look at it and say, well, it doesn't fit into these because what you're claiming is not an error. It is not illegal. If our course has been uneven, we should adjust our course to make it even and consistent. If you can pick cases over here, or you can pick cases over there, it would seem that DeMarco itself is distinguishable because there was no independent legal challenge to the decision to refuse to depart there, whereas here there is an independent legal challenge to that. But even if we didn't just dismiss DeMarco, shouldn't we harmonize our precedent in this area regarding jurisdiction? I think the precedent is fairly consistent, actually, because, again, it is consistent that you see these cases where they say, we don't have jurisdiction to consider this portion of your appeal where you're challenging a discretionary denial of a downward departure. Therefore, we're not going to consider it. That portion of the appeal is dismissed, or the entire appeal is dismissed. I think there is a very consistent pattern, both pre-Booker and post-Booker. And, again, it's pre-Booker and it's post-Booker cases like Hernandez or Nikonova where this rule is applied consistently. And I recognize that there is, in some sense, a little bit of the merits bleeding into it. What about Malone? I think that, so Malone, again, my understanding of Malone is the district court granted the departure, and then the defendants appealed and said the departure should have been a larger departure, but you, the district court, improperly, essentially, as I understand it, it's really a sequencing issue. It says, once you've granted the departure, the correct thing to do, according to Malone, is consider the full length of the departure and calculate it based on the assistance-related concerns. Then come back and you can look at the rest of the concerns about the severity of the crime if you want to adjust upward. So it's a sequencing issue where this might be why you're saying they bleed into each other to some degree, but if you're right on the second issue, that is, if you're right that there's complete discretion on whether to depart in the first place and that those five factors on the plain reading of the guideline only apply once you've decided to depart to the extent, if you're right that complete discretion, as a lot of our cases say, on that initial decision to depart, then what would we even be able to review if we did have jurisdiction? You're right. I think, Your Honor, there is essentially nothing to review because it is a completely discretionary decision. Now, that doesn't mean you can't review for things like, well, did the judge recognize that she had discretion? And in this case, I think it's absolutely clear there's not an argument in the briefs that Judge Boyle didn't recognize the existence of her discretion, but you're right. So you can look at that, but then once you've discretion, didn't, you know, she knew she had it. She acted within the discretion. That's sort of the end of the story. And then it's... Someone has to apply the factors. I mean, Mondragon-Santiago, you have to apply the factors even if you have complete discretion, don't you? So I think it's the decision of whether you separate out applying the factors even, you have to go through the process. The process is important. I agree the process is important, but you have to determine the appropriate reduction once you've already decided to depart. If you decide not to depart, you never get to the second portion of the guideline. And the second portion is where you say determine the appropriate reduction based on these reasons stated, which are the five reasons. So... But you have to do it even in the first part. That's not what the guideline requires, and that's not what... You have to decide whether, you have to apply the factors in making your decision. Well, I disagree that those five factors are... Have to be somehow... First of all... I'm not saying you have to go through them one by one like opposing counsel said, but you have to use those factors in making your decision. I think that of all the... The district court has almost complete discretion when deciding whether or not to depart. Now, certainly among the universe of things to consider is the nature of the assistance. What happened? Those are what they're supposed to be thinking of when they're making their discretion or determination. I agree with that along with... What case says a court just can't say, this is so serious a crime, I'm not going to give you a 5k? End of story. There is no case that says that I'm aware of. I think... The cases say almost complete... Quote, almost complete discretion. And in fact, that's what every defendant's told at a Rule 11 plea colloquy, right? That's right, Your Honor. And to put this in perspective, right, we moved for the downward departure in the district court. We wanted this defendant to have the downward departure. Now, every time we enter into these sort of agreements where we say, we'll move for a downward departure, we have to be very careful to tell the defendant, you know, this is no guarantee because the district judge has independent judgment, almost complete discretion. We can't guarantee you're going to get it. In a lot of ways, it would make the government's job a lot easier if we could say, you know what, we're going to move for a downward departure. And once we've done that, the only thing the district court can consider is these five factors. And all five factors are going to weigh heavily in favor of a departure because we're the ones writing the motion. It would be a good rule for you because then defendants would be even more at the whim of prosecutors, which a lot of people say is the biggest problem in our justice system to begin with. The prosecutors have such control over sentencing that defendants, you know, they're afraid to go to trial. And this would be even more so if the court didn't have that independent discretion to say, I, at the end of the day, get to decide whether you're going to get the 5K, what the sentence is going to be. I will say that it would represent, I think it's the sentencing power and discretion from the district court to the prosecution. And frankly, right now, you know, we're here, we are defending the district court's right to deny a motion that we filed and that we wanted. It's not a difficult spot though. Can I ask a totally different question? Sure. Can we pre-dermit the jurisdictional issue if you win on the merits? You know, I looked into that and I did not find any support for that. And I thought of that and I haven't found anything that says you could. I know that's sometimes done in, I believe, like habeas type cases and things like that. So you don't see any authority. So if we say you have jurisdiction over the process and then also whether you have the authority, but not over the ultimate decision, so therefore, how do you write this if there's ambiguity there? I think the way you write this is you say that, you know, in this case, the defendant has essentially alleged that the district court violated some law or violated the guidelines by failing to consider five factors specifically, which again, and I can talk about the record, but I think it's absolutely clear that the district court did consider these factors. And I'm happy to go into that. But she talked about how she read the motion. She was aware of the nature of the assistance. She talked about, I know that there's substantial assistance. I apologize. I don't want to, I don't want to, but I just, I don't want to concede that point there, but even you can say he's alleging, you know, that, that this was a violation of law. However, the law does not require what he is claiming it requires. The law does not require that these five factors be analyzed in this mechanical way when you make the threshold decision of whether or not to depart. Or I could say whatever it is he chooses to call it or however he chooses to frame it, purely and simply what it is, is his dissatisfaction with the judge's decision not to grant a departure. I agree with that. It is. And, and, and then you, and then you revert back to the consistent rule, which is there is no jurisdiction for a defendant to challenge on appeal the discretionary denial of a downward departure. And the, and the only sort of narrow exception to that is if, you know, that the district court did not recognize the existence of its own authority. And that is not an issue here. So I think. Well, he says it is. Well, I think that that's a record issue. I think the record is clear. Well, can we say to the extent that he, that that's an issue? We do have jurisdiction to consider that, but it fails. I am just aides. When I say that this court doesn't have jurisdiction, I'm not meaning to say that this court can't look at it because the court does look at it. I think that the United States v. Buck case, for example, or DeMarco or any of these cases, the court looks and says, well, we're looking at the record, and to us it doesn't look like the district court was under a mistaken belief that it didn't have the discretion. Therefore, once we've analyzed this, which I agree is a, is a form of review, you can analyze it, but then the appropriate disposition then is really, you know, a dismissal rather than an affirmance. It's. Well, I actually, I mean, I, you know that I disagree. I think the procedural point is reviewable, but even if the ultimate decision is not, but. I can understand that, Your Honor, and I, I respect that. I, I just think. It's Lightfoot, too. We didn't even talk about that. I'm not. You don't want to talk about Lightfoot? Okay, go ahead. But I think that the, the way the law has been is that you do this analysis and then the appropriate disposition would then be a dismissal for one of jurisdiction. If there's any other questions, I'm happy to, to answer, but we would. What was really going on in this case? I mean, this is just such a bare bones 5K. The 5K usually says, he helped us in this case. It'll give you the case number. It went to this other judge here in this courthouse. The guy got three years. The guy, he did this. There's not, no specificity in this. I mean, do you have any sense of what's really going on? I mean, it's, it's filed under seal. That's, so you're able to, there's no issue of, of, you know, letting this out in the public. I understand that, and it is a, it is a . . . I'll let you talk about it now on this recording. Yeah, there's, I can't really say what the, what the specifics were. You know, we, we, if the court wants, we'd be happy to file something under seal, but I agree. The, the information the district judge had was very bare bones, and there was no, at the hearing, again, I think that the defendant sort of proceeded under assumption, because the defendant was arguing for probation. So, they basically said, sort of proceeding under the assumption that we're going to get this departure and then give me probation. It weakens that argument to spend a I rendered substantial assistance, therefore, slot me in the 40 to 50-month range, right? You're going for probation. You don't want to sort of remind the district judge that, well, they've asked us to be in this 40 to 50-month range. I think that was sort of what happened at the hearing. But with something so bare bones, I mean, I think a lot of judges are going to think, well, there really wasn't much that was helpful, but the government just wants to cut him a break, which it can, I mean, it can argue for the sentence. I mean, you have a minimum here, but . . . That could be, Your Honor. I don't know what the district judge was thinking on that front. So, thank you, Your Honors. And I think therein lies the answer to Judge Elrod's question about how the substantial rights of the defendant were affected. The judge didn't get to hear what's so important to hear. It was not informed by the government, the facts that supported that motion for a downward departure, because . . . And that was requested. And I believe it's clear error because of . . . It's clear error. It's got to be error that's plain or clear. It's got to affect the substantial rights of the accused or the fairness and integrity of the proceedings. And I think you'll look at the motion. You'll look at the factors that the guidelines say you have to consider. Well, and if she should have granted it, you would have got out from under the five-year mandatory minimum, so that would show that's a great deal of prejudice there, right? And that's where the prejudice is. And I think it's substantial, and it is addressed in the reply brief, I think. And so, I think we have addressed the substantial prejudice problem. And along the lines of the question Judge Costa asked, so are you saying that when she refused to allow the lawyer to continue argument, his argument or her argument, I don't know who, but the argument would have been along the lines of what the substantial assistance was . . . Exactly. Exactly. I think . . . Which wasn't obviously in the motion itself. Right. To develop what that assistance was and to answer any questions that the court may have that were relevant to those five factors or factors outside of the five factors, whatever they may be, but she didn't . . . The record reflects they weren't considered. They weren't taken into consideration in the denial of the motion for substantial assistance. I'm not saying there's got to be a mechanical. I apologize to this court if I've made that impression there's got to be some mechanical. We've got to run down the five. On number one, it says this, and I find this. I don't think that's it, but there needs to be something in the record that reflects that she did properly consider the motion for requests and one by the government or at least a pointing out by the government that they hadn't been allowed to be heard on this. If that's the substantial prejudice that she . . . that the government and the defense didn't get the opportunity to communicate that information to the judge and it's a substantial prejudice to the defendant because he stood the chance of getting a sentence below that sixty months. I think had the judge had the proper factors before her and considered them properly, then that would have . . . Is this an issue of her not considering the factors as opposed to the judge just cutting the hearing? The transcript is troubling in that she basically starts cutting off the lawyers and says I've got something big coming up next. Sentencing someone to five years is quite big, but that's really a different issue, right, that she didn't let them fully . . . I think they're together, and I think the reason that the record . . . the reason I'm standing up here so strongly saying the record shows she didn't consider them. She didn't consider them is the fact that every time they tried to get her to consider them, she cut them off, and I think the biggest travesty in the record was at one point the defense attorney did stand up. She stood up and she said can we address that now, and she said I'm not talking about that for right now. I'm denying it. We'll talk about it in a little bit, and then when we talked about it in a little bit, she said I'm done. I don't want to hear anything else, and even turns to the government, and the government's attorney says yeah, I don't think we've addressed that yet, and she didn't let either party address it. Is it unusual, counsel, that the actual motion that gets filed wouldn't contain facts and details about the assistance, the extent of the assistance? I think it can go both ways, and I think the reason is because substantial assistance is such a touchy issue, and I mean you just . . . that you get the motion before the court, and then you handle it the way that particular court wants to handle it. As I answered Judge Costa earlier, the judges that I practice in front of in Fort Worth, and one in particular, he requires the government to put the witness on. That's how he handles it. Maybe not the way we would want it done, you know, when there's four other guys in orange suits sitting in the jury box while this is happening, you know. So I think the point of that is, Your Honor, though, is that both parties, the government and the defense attorney, both, they follow the court's lead on that, and they followed it. She said we're going to talk about that later. Right now I'm denying it, which would lead me to indicate as a trial attorney that okay, we're going to address this later, but right now it's tentatively denied. I better get my . . . And then when we come back to it, she says, I'm not . . . I'm done. I got two other hearings. I'm in a hurry. I'm not interested in hearing anything else. And it just gets worse. And, you know, again, I've been in front of Judge Elrod before and said, yeah, gosh, I wish the trial attorney said, and you didn't consider the five factors. Boy, that would make my job here a lot easier today. I understand that. But I think she did bring the problem to the attention of I turned red and I went on. But that's the purpose of Rule 51. That's the purpose of the contemporaneous objection rule. And she contemporaneously objected four times, which she just said a little different, but she did a pretty darn good job in my book. Thank you. Thank you, counsel.